SUMMARY ORDER

Pasang Norbu, a native of Tibet and citizen of the People’s Republic of China, seeks review of an August 19, 2008 order of the BIA, affirming the October 13, 2005 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Pasang Norbu, No. A098 690 011 (B.I.A. Aug. 19, 2008), aff'g A098 690 011 (Immig. Ct. N.Y. City Oct. 13, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Where, as here, the BIA does not “adopt” the IJ’s decision, but its opinion closely tracks the IJ’s reasoning, we review the IJ’s and the BIA’s decisions together. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006).
We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
I. Asylum, Withholding of Removal, and CAT claims
We conclude that substantial evidence supports the agency’s determination that Norbu failed to meet his burden of proof. “While consistent, detailed, and credible testimony may be sufficient to carry the alien’s burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected.” Diallo v. INS, 232 F.3d 279, 285-86 (2d Cir.2000)(deferring to BIA authority). Before denying a claim solely because an applicant failed to provide corroborating evidence, the agency must “explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA’s standards to expect such corroboration; and (2) why [the applicant’s] proffered explanations for the lack of such corroboration are insufficient.” Id. at 290.
Here, the IJ reasonably found it “disturbing that [Norbu] would not include corroboration of the most crucial fact in [his] claim for asylum” — namely, his alleged arrest and three-month detention on account of his argument with Chinese men about the Chinese presence in Tibet. The IJ also identified missing pieces of corroborating evidence that were reasonably available, such as letters from Norbu’s parents, who allegedly paid to have him released from prison. Therefore, the IJ did not err in finding that Norbu failed to adequately corroborate his claim. See id., 232 F.3d at 288-90.
Moreover, as to the evidence Norbu did submit, i.e., a letter from his wife and a letter from his brother, that evidence failed even to mention Norbu’s alleged arrest and incarceration. We therefore find no error in the agency’s conclusion that Norbu failed to corroborate “the most crucial fact in [his] claim for asylum.” The agency properly denied Norbu’s application for asylum, withholding of removal, and relief under the CAT. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
II. Fifth Amendment Due Process
Norbu argues that the agency violated his Fifth Amendment right to due process of law because the IJ was biased and did not give him a full and fair hearing. An *64 individual in removal proceedings is entitled to due process of law under the Fifth Amendment. See Reno v. Flores, 507 U.S. 292, 305-07, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). However, “to establish a violation of due process, [the petitioner] must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness.” Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir.2007) (internal quotations omitted). “[W]hen an IJ’s conduct results in the appearance of bias or hostility such that we cannot conduct a meaningful review of the decision below, we remand.” Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir.2006); see also Guo-Le Huang v. Gonzales, 453 F.3d 142, 148 (2d Cir.2006).
Here, as the government argues, Norbu fails to show that any of the IJ’s actions violated Norbu’s due process rights. We disagree with Norbu that the IJ’s comments about her doubts regarding the authenticity of Norbu’s passport and the failure of Norbu’s wife’s letter to corroborate his claim evidence bias. The IJ noted her doubts about Norbu’s passport as “the only problem with his credibility,” and made an overall finding that he was credible. The IJ denied Norbu’s claim on a ground entirely separate from his credibility.
For the foregoing reasons, the petition for review is hereby DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.